UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| TERRENCE WOODS,<br><br>    Plaintiff,<br>  v.<br><br>KAVULICH & ASSOCIATES, P.C., a New York professional corporation, and GARY KAVULICH, an individual<br><br>    Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff TERRENCE WOODS, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendants KAVULICH & ASSOCIATES, PC and GARY KAVULICH, ESQ. (hereinafter collectively known as "Defendants") alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Terrence Woods ("Woods") is a natural person residing the State of Georgia.

4. Upon information and belief, Defendant KAVULICH & ASSOCIATES, PC is a domestic business entity duly authorized to do business within the state of New York.

5. Defendant KAVULICH & ASSOCIATES, PC is a debt collection law firm and professional company with a corporate business address of 181 Westchester Avenue, Suite 500C, Port Chester, New York 10573.

6. Defendant, Gary Kavulich ("Mr. Kavulich") is a debt collector as defined pursuant to FDCPA, 15 U.S.C. § 1692a(6).

7. Upon information and belief Defendants are debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6).

8. Defendants are engaged in the collection of debts from consumers using civil litigation process. Defendants regularly attempt to collect consumer debts alleged to be due to another.

9. Mr. Woods is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

10. Upon information and belief, on or a date better known to Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

11. Defendants are subject to the jurisdiction of the United States Court and venue of this district because Defendants' actions and omissions violate the statues and laws of the United States of America, resulting in the causation of inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff re-alleges ¶¶ 1-11 as fully restated herein.

13. On or about June 10, 2015, Plaintiff learned that a judgment against him was entered, when his employer notified him about an information subpoena they received from the Defendants.

14. The caption of the information subpoena dated May 20, 2015 read City Court of the County of Yonkers, City of Westchester, 100 Caryl Avenue Realty Corp vs. Terrence Woods, Index Number 5238/1996.

15. Within the body of the information subpoena, it was indicated that the judgment against the Plaintiff was obtained in the Civil Court of the City of New York, County of New York on August 27, 1996.

16. On or about June 24, 2015, Plaintiff was notified by his employer that they received an Execution with Notice to Garnishee from New York City Marshal Stephen Biegel.

17. The caption of the garnishment notice read Civil Court of the City of New York, County of Bronx, 100 Caryl Avenue Realty Corp v. Terrence Woods, Index Number 5238/1996.

18. Plaintiff, upon receiving copies of these documents from his employer, wondered at how a judgment was obtained against him in three different venues for the same case and immediately retained the services of the Law Office of Abel L. Pierre, PC.

19. The Law Office of Abel L. Pierre, PC, immediately ran a check of all three jurisdictions indicated by the Defendants, to find out where an action may have been commenced against the Plaintiff, which consequently led to a judgment being entered.

20. A thorough check of all three jurisdictions, Bronx, New York and Westchester, yielded no feasible results. Simply put, this action against the Plaintiff never existed and consequently, the alleged judgment never existed either.

21. Defendants were perplexed to say the least, once Defendants were notified of the Law Office's findings, and immediately notified the New York City Marshal to cancel the income execution against the Plaintiff.

22. There is no contract or agreement in existence between Plaintiff and 100 Caryl Avenue Realty Corp which allowed a judgment to be entered against the Plaintiff in the Bronx.

23. Consequently, there was no basis or forum for the commencement of any case against Plaintiff in any jurisdiction in the State of New York and no basis or forum which enabled a judgment to be entered against the Plaintiff.

24. Sometime thereafter a judgment was illegally entered against the Plaintiff, the matter was turned over to the Defendants for collection.

25. Defendants created or caused to be created, false documents which alleged that a judgment was taken against the Plaintiff in a case that clearly never existed in an attempt to collect a debt that never existed. These false documents included but are not limited to the Information Subpoena dated May 20, 2015 and the Income Execution with Notice to Garnishee dated June 15, 2015.

26. Defendants distributed or caused to be distributed to Plaintiff's place of employment, false documents that alleged that a judgment was taken against the Plaintiff in a case that clearly never existed in an attempt to collect a debt which never existed. These false documents included but are not limited to the Information Subpoena dated May 20, 2015 and the Income Execution with Notice to Garnishee dated June 15, 2015.

27. Consequently, Defendants maliciously sought to collect the debt from the Plaintiff.

28. Defendants' actions are tantamount to coercing the Plaintiff into paying an alleged debt.

29. By seeking to collect this non-existent debt from Plaintiff, Defendants utilized conduct which was to harass, oppress and abuse Plaintiff.

30. By seeking to collect this non-existent debt from Plaintiff, Defendants utilized false, deceptive and misleading means to coerce Plaintiff into paying the debt.

31. By seeking to collect this non-existent debt from Plaintiff, Defendants utilized false, deceptive and misleading means in representing the character, amount and legal status of the alleged debt.

32. By seeking to collect this non-existent debt from Plaintiff, Defendants utilized false, deceptive and misleading means in taking action that cannot be legally taken or not intended to be taken to coerce Plaintiff into paying the alleged debt.

33. By seeking to collect this non-existent debt from Plaintiff, Defendants utilized false, deceptive and misleading means to represent documents as authorized, issued or approved by a court of the State of New York, to coerce Plaintiff into paying the debt.

34. By seeking to collect this non-existent debt from Plaintiff, Defendants utilized false, deceptive and misleading means to coerce Plaintiff into paying the alleged debt and to obtain information about the Plaintiff.

35. By seeking to collect this non-existent debt from Plaintiff, Defendants utilized unfair and unconscionable means to coerce Plaintiff into paying the alleged debt.

36. By seeking to collect this non-existent debt from Plaintiff, Defendants attempted to collect a debt not authorized by any agreement or permitted by law.

37. Defendants' collection activity on the each occasion were communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692f and 1692f(1), amongst others.

38. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## V. PRACTICES OF DEFENDANTS

39. It is or was the policy and practice of Defendants to collect or attempt to collect debts from consumers who may or may not owe a debt.

40. It is or was the policy and practice of Defendants to collect or attempt to collect debts not permitted or authorized by law.

41. Said practices and policies of Defendants are deceptive representations, which contradicts consumers' rights.

42. That the Defendants intentionally and knowingly and/or carelessly and recklessly initiate collection methods for the sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

43. Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

44. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## Count I

### Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

45. Plaintiff adopts and realleges the foregoing as fully stated herein.

46. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See*, *15 U.S.C. § 1692d.*

47. Defendants' violation of § 1692d of the FDCPA, include, but are not limited to, creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed.

48. Defendants' violation of § 1692d of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See*, *15 U.S.C. § 1692k.*

49. Defendant's violation of § 1692d of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

50. By creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a

debt which never existed, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

51. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

52. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### Count II

### Violation of § 1692e of the FDCPA – Any other false, deceptive or misleading representation or means in connection with the debt collection

53. Plaintiff adopts and realleges the foregoing as fully stated herein.

54. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive or misleading representation or means in connection with the debt collection. *See, 15 U.S.C. § 1692e.*

55. Defendants' violation of § 1692e of the FDCPA, include, but are not limited to, creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed.

56. Defendants' violation of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

57. Defendants' violation of § 1692e of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. <u>See</u> *15 U.S.C. § 1692k(a)(1)*.

58. By creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

59. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

60. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## Count III

### Violation of § 1692e(2) of the FDCPA – Misrepresenting the character, amount or legal status of the alleged debt

61. Plaintiff adopts and realleges the foregoing as fully stated herein.

62. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the Character, amount or legal status of the alleged debt. *See, 15 U.S.C. § 1692e(2)*.

63. Defendant's violation of § 1692e(2) of the FDCPA, include, but are not limited to, creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed.

64. Defendants' violation of § 1692e(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

65. Defendants' violation of § 1692e(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

66. By creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

67. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

68. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### Count IV

### Violation of § 1692e(5) of the FDCPA – Threatened to take any action that cannot legally be taken or is not intended to be taken

69. Plaintiff adopts and realleges the foregoing as fully stated herein.

70. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or is not intended to be taken. *See, 15 U.S.C. § 1692e(5).*

71. Defendants' violation of § 1692e(5) of the FDCPA, include, but are not limited to, threatening to garnish Plaintiff's employee wages for an alleged judgment that was taken in a case that never existed in an attempt to collect a debt which never existed.

72. Defendants' violation of § 1692e(5) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

73. Defendants' violation of § 1692e(5) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

74. By threatening to garnish Plaintiff's employee wages for an alleged judgment that was taken in a case that never existed in an attempt to collect a debt which never existed, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

75. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

76. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### Count V

**Violation of § 1692e(9) of the FDCPA – Representing documents as authorized, issued or approved by any court, official or agency of the United States or state**

77. Plaintiff adopts and realleges the foregoing as fully stated herein.

78. Section 1692e(9) of the FDCPA prohibits a debt collector from misrepresenting documents as authorized, issued or approved by any court, official or agency of the United States or State . *See, 15 U.S.C. § 1692e(9).*

79. Defendants' violation of § 1692e(9) of the FDCPA, include, but are not limited to, representing that the false information subpoena and income execution was a result of an alleged judgment that was obtained from a court in the State of New York.

80. Defendants' violation of § 1692e(9) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

81. Defendants' violation of § 1692e(9) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

82. By representing that the false information subpoena and income execution was a result of an alleged judgment that was obtained from a court in the State of New York, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

83. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(9) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### Count VI

### Violation of § 1692e(10) of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

84. Plaintiff adopts and realleges the foregoing as fully stated herein.

85. Section 1692e(10) of the FDCPA prohibits a debt collector from utilizing any false representation or deceptive means to collect a debt or obtain information about a consumer. *See,* 15 U.S.C. § 1692e(10).

86. Defendants' violation of § 1692e(10) of the FDCPA, include, but are not limited to, creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed.

87. Defendants' violation of § 1692e(10) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

88. Defendants' violation of § 1692e(10) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

89. By creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

90. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(9) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## Count VII

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

91. Plaintiff adopts and realleges the foregoing as fully stated herein.

92. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See,* 15 U.S.C. § 1692f.

93. Defendants' violations of § 1692f of the FDCPA, include, but are not limited to, creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed.

94. Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

95. Defendants' violations of § 1692f of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k(a)(1).

96. By creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

97. By unlawfully making false threats against Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

98. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other

things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

99. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### Count VIII

### Violation of § 1692f(1) of the FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

100. Plaintiff adopts and realleges the foregoing as fully stated herein.

*101.* Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692f(1).*

102. Defendants' violations of § 1692f(1) of the FDCPA, include, but are not limited to, creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed.

103. Defendants' violations of § 1692f(1) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

104. Defendants' violation of § 1692f(1) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

105. By creating and distributing to Plaintiff's place of employment, false documents which alleged that a judgment was taken in a case that never existed in an attempt to collect a debt which never existed, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

106. By unlawfully making false threats against Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

107. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

108. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## Count IX

### Defendants Violated New York General Business Law § 349

109. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

110. NY GBL § 349 provides in relevant part as follows:

> a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*
> i. h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

111. It is the regular business practice of Defendants to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendants have engaged in such a

deceptive practice aimed at New York and other out of State consumers. Defendants' actions have a broad impact on New York and out of State consumers at large.

112. It is the regular business practice of Defendants to make false threats against consumers as a means to pressure the alleged debtor. Defendants have engaged in such a deceptive practice aimed at New York and other out of State consumers. Defendants' actions have a broad impact on New York and other out of State consumers at large.

113. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of GBL § 349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

## PRAYER FOR RELIEF

Plaintiff, Terrence Woods prays that this Court:

a. Declare that Defendants violated the FDCPA;

b. Declare that Defendants violated NY GBL § 349;

c. For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendants for Plaintiff;

d. Enter judgment in favor of Plaintiff and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

e. Enter judgment in favor of Plaintiff and against Defendants, for actual damages, costs, and reasonable attorneys' fees as provided by §1692k(a)(1) of the FDCPA;

f. Enter judgment enjoining Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Terrence Woods demands trial by jury.

Respectfully submitted,

Dated: September 14, 2015

*/s/ Abel L. Pierre*

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-3508
40 Exchange Place, Suite 2010
New York, New York
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**